UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EYBA BROWN**                                              **CIVIL ACTION**

**VERSUS**                                                  **NO. 08-3730**

**CHARLES G. BLAIZE**                                       **SECTION "C" (3)**

## REPORT AND RECOMMENDATION

Plaintiff, Eyba Brown, a state prisoner, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against his attorney, Charles G. Blaize.  Plaintiff complains that, in a court proceeding, defendant met with the judge without plaintiff being present, would not inform him of what transpired at the meeting, acquiesced or participated in the denial of his constitutional rights in the proceeding, and would not allow him to address the court.

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary damages against a defendant who is immune
>     from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that this civil action should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by *a person or persons acting under color of state law*.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). Therefore, for the claims against Blaize to be cognizable under § 1983, plaintiff must be able to show that Blaize was acting under color of state law. However, it is clear that Blaize is not a state actor, regardless of whether

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

he is a public defender or an appointed or retained private attorney. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); Ellison v. De La Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (ineffective assistance of counsel claims brought against appointed counsel in a § 1983 suit must fail "for want of any action under color of state law"); *cf.* Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) (ineffective assistance of counsel claim not cognizable in § 1983 lawsuit because retained counsel is not a state actor).[2] Accordingly, plaintiff's § 1983 claims against Blaize should be dismissed with prejudice.

### **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's 42 U.S.C. § 1983 claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being

---

[2] The Court recognizes that claims against an attorney for engaging in a conspiracy with a state actor are cognizable in a § 1983 action. Mills, 837 F.2d at 679; Buckenberger v. Reed, Civil Action No. 06-7393, 2007 WL 1486488, at *4 (E.D. La. May 18, 2007). However, even if the Court were to construe plaintiff's statements to have alleged the existence of a conspiracy between defendant and an unidentified state actor, plaintiff's allegations are wholly conclusory. Conclusory allegations of conspiracy fail to state a § 1983 cause of action. Small v. Dallas County, Texas, 170 Fed. App'x 943 (5th Cir. 2006); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); Buckenberger, 2007 WL 1486488, at *4.

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twentieth day of June, 2008.

    _____
    DANIEL E. KNOWLES, III
    UNITED STATES MAGISTRATE JUDGE